UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

PUERTO RICO PORTS AUTHORITY,

    Plaintiff,

    v.

PCI INTERNATIONAL, INC.;
POLLUTION CONTROL INDUSTRIES,
INC.; AMERICAN INTERNATIONAL
COMMERCIAL, INC.; CARRERAS
TRUCKING COMPANY, et al.,

    Defendants.

Civil No. 96-1969 (JAF)

## OPINION AND ORDER

This case concerns the recovery of contribution and response costs incurred and to be incurred by Plaintiff, the Puerto Rico Ports Authority ("PRPA"), in cleaning up its property located in Arecibo, Puerto Rico ("the site"), pursuant to the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA").

On March 31, 1999, we issued an Opinion and Order denying Defendants, PC International, Inc. ("PCI Int'l"); Pollution Control Industries ("PCI"); and Carreras Trucking, Inc. ("Carreras Trucking"), and Third-Party Defendant National Union Fire Insurance Company's ("National Union") motions for summary judgment on the issues of liability under section 107(a) of CERCLA, 42 U.S.C. § 9607(a); the affirmative defense of section 107(b) of CERCLA, 42

Civil No. 96-1969 (JAF)                                                     -2-

U.S.C. § 9607(b); Plaintiff's compliance with the national contingency plan mandated under section 107(a)(4) of CERCLA, 42 U.S.C. § 967(a)(4); and the pollution exclusion policy.[1]

That Opinion and Order has spawned a plethora of responsive motions. Defendant Carreras Trucking moves to amend our Opinion and Order alleging that we are "gravely mistaken" about the issue of Plaintiff's response costs being "necessary." Docket Document No. 118. Additionally, Defendants PC Int'l and PCI move for reconsideration of our Opinion and Order concerning the date the contamination occurred and the issue of whether a third party directly caused the contamination. Docket Document No. 119. Finally, Third-Party Defendant National Union moves for reconsideration of our Opinion and Order alleging that the insurance policy covers the contamination at the site and that there was no contamination during National Union's policy period, *i.e.*, the date the contamination occurred. Docket Document Nos. 120 and 121.

I.

**The Necessity of Plaintiff's Response Costs**

Defendant Carreras Trucking alleges that we are "gravely mistaken" about whether the response costs incurred by Plaintiff were "necessary." Defendants PC Int'l and PCI also contend that we

---

[1] For a full recitation of the facts of this case, please see our previous Opinion and Order. Docket Document No. 116.

Civil No. 96-1969 (JAF)                                                     -3-

incorrectly determined that PRPA's response costs were necessary. However, Defendants' bold assertions are not supported by one case or statutory cite. Had Defendants' attorneys spent any time at all researching the issue, we believe they would not have filed these motions.

First of all, CERCLA does not define what constitutes a "necessary" response cost. The paltry guidance Congress has provided is limited to an ambiguous definition of response which encompasses the terms remove, removal, remedy, and remedial action. Therefore, courts have liberally interpreted what constitutes a necessary response cost. See, e.g., NL Industries, Inc. v. Kaplan, 792 F.2d 896 (9th Cir. 1986) (denying motion to dismiss because allegations that state and local agencies mandated the response costs sufficiently supported the claim that the costs were necessary under § 107(a)(2)(B) of CERCLA); International Clinical Laboratories, Inc. v. Stevens, 710 F.Supp. 466 (E.D.N.Y. 1989) (denying defendant's summary judgment motion that some of the response costs were duplicative because a hearing was necessary to determine the issue); Allied Corp. v. Acme Solvents Reclaiming, Inc., 691 F.Supp. 1100 (N.D.Ill. 1988) (denying motion to dismiss because response costs could be "necessary" even when they were not incurred pursuant to the implementation of a response action approved by the United States Environmental Protection Agency).

Civil No. 96-1969 (JAF) -4-

Another helpful case is <u>Cadillac Fairview/California, Inc. v Dow Chemical Co.</u>, 840 F.2d 691 (9th Cir. 1988). In that case, the court found that significant state or local government action need not precede responsive actions for the actions to be considered "necessary" under CERCLA. <u>Id</u>. The court based its decision upon the absence of statutorily-mandated approval or certification. Therefore, the logical inference is that parties not seeking reimbursement from the Superfund do not need prior governmental approval in order for their response costs to be necessary. <u>Id</u>.

Furthermore, we are at the preliminary stages of the proceedings. We are not in a position, without further evidence which will be presented at trial, to determine which response costs were necessary. <u>See</u> <u>Id</u>. (concluding that the issue of whether a response action is necessary is a factual inquiry to be determined in the damages stage of a lawsuit); <u>Stevens</u>, 710 F.Supp. at 466. Our Opinion and Order states, "[t]here is no dispute over whether Plaintiff PRPA's response costs are 'necessary.'" <u>Docket Document No. 116, p. 25</u>. This is not a conclusion that the costs were necessary, it is simply a reflection of the motions that were before us at that time.

Accordingly, we deny Defendant Carreras Trucking's motion to amend our Opinion and Order and Defendants PC Int'l and PCI's motion for reconsideration.

## II.

### Date the Contamination Occurred

Defendants, PC Int'l and PCI, move for reconsideration of our Opinion and Order concerning the date the contamination occurred. Without offering any new evidence, Defendants contend that we should re-evaluate and ponder upon the same materials we had before us in denying the motion for summary judgment. In fact, Defendants admit in their motion that "[t]here is no conclusive evidence to indicate the date when the caustic soda contamination occurred . . . ." Docket Document No. 119, p. 4. Nonetheless, Defendants urge reconsideration of our original determination. After re-examining the issue, we deny Defendants' motion for reconsideration. No evidence before us indicates when the contamination occurred. Lacking this essential piece of information, we are unable to determine which parties are responsible persons within the meaning of CERCLA. 42 U.S.C. § 9607(a).

Third-Party Defendant National Union also moves for reconsideration asserting that its policy could not possibly have covered the date upon which the contamination occurred in this case. Based upon the affidavit of Roberto Ramírez, an expert witness for Defendant Carreras Trucking, National Union contends that the spill could not have occurred during the period from August 1983 to August 1984. Taking a look at the evidence and the type of contamination at

Civil No. 96-1969 (JAF)                                              -6-

issue, we find that Defendant National Union's policy could not have covered the caustic soda spill in this case. Even though we cannot conclusively determine the date the contamination occurred, we find that ten years is too long a period of time for caustic soda to remain active and environmentally damaging. We grant National Union's motion.

### III.

### Cause of the Contamination

Defendants PC Int'l and PCI move for reconsideration of our Opinion and Order alleging that a third party was the direct cause of the contamination. However, Defendants offer no new or different support for their contentions. Rather, they point to a number of facts which we considered in our first denial of their motion. We remain unpersuaded. We are unable to conclusively determine the cause of the contamination. We find a genuine issue of material fact remains as to that issue.

### IV.

### Conclusion

In accordance with the foregoing, we **DENY** Defendant Carreras Trucking's motion to amend; **DENY** Defendants PC Int'l and PCI's motion for reconsideration, and **GRANT** Third-Party Defendant National Union's motion for reconsideration. As a result, National Union is no longer

AO 72
(Rev 8/82)

Civil No. 96-1969 (JAF)                                                    -7-

a party to this litigation. This Opinion and Order disposes of Docket Documents Nos. 118, 119, 120, and 121.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 21st day of January, 2000.

*[signature]*
JOSE ANTONIO FUSTE
U. S. District Judge