IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PUERTO RICO PORTS AUTHORITY

Plaintiff

v.

PCI INTERNATIONAL, INC., ET AL

Defendants

CIVIL NO. 96-1969 (JAG)

Taxation of Costs

## TAXATION OF COSTS

Before the Clerk of the Court in the above-captioned case is co-defendant Carreras Trucking, Inc.'s (hereinafter referred to as "Carreras Trucking") unopposed Bill of Costs. (Docket No. 178).

On April 30, 2002, the Court entered a partial judgment dismissing the complaint filed against Carreras Trucking. (Docket No. 177). Accordingly, Carreras Trucking seeks recovery of the following items of costs: (1) deposition expenses - $205.30; (2) photocopies - $637.40; (3) fees for service of summons and subpoena - $80.00; and, (4) other costs - $979.40.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party." Furthermore, 28 U.S.C. § 1920 allows the prevailing party to recover the following as costs:

(1)   Fees of the clerk and marshal;

(2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3)   Fees and disbursements for printing and witnesses;

(4)   Fees for exemplification and copies of papers necessarily obtained for use in the case;





Civil No. 96-1969 (JAG)                                              Page -2-

    (5)    Docket fees under section 1923 of this title;

    (6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. See, 28 U.S.C. § 1920.

However, "not all expenses of litigation are costs taxable against the losing party, and within the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case." Pershern v. Fiatallis North America, Inc., 834 F. 2d 136, 140 (8th Cir. 1987), citing Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441 (1987).

The Clerk of Court, having reviewed Carreras Trucking's bill of costs and the record, makes the following determinations.

**Deposition Costs.** Carreras Trucking seeks recovery of $205.30 for expenses related to the depositions of Andrés Paravisini and Alberto González. "Although there is no express statutory authorization for the taxation of deposition expenses as costs, courts have generally held that the cost of taking and transcribing depositions fits within [28 U.S.C. § 1920 (2)]." Pan American Grain Mfg. Co. v. Puerto Rico Ports Authority, 193 F.R.D. 26, 38 (D.P.R. 2000), citing Templeman v. Chris Craft Corp., 770 F. 2d 245, 249 (1st Cir. 1985), cert. denied, 474 U.S. 1021 (1985). Pursuant to 28 U.S.C. § 1920 (2), the court reporter's attendance fee and the cost of transcribing depositions are allowed if the same are: introduced as evidence at trial in lieu of live testimony; used for impeachment purposes; or, used in connection with a successful motion for summary judgment. See, Chris Craft Corp., 770 F.2d at 249; United States v. Davis, 87 F. Supp. 2d 82, 87 (D.R.I.

Civil No. 96-1969 (JAG)                                                                 Page -3-

2000); and, <u>Donnelly v. Rhode Island Board of Governors for Higher Education</u>, 946 F. Supp. 147, 151 (D.R.I. 1996).

> ... if a deposition is not introduced into evidence or used at trial, it is within the discretion of the district court to tax deposition costs if special circumstances warrant it... This Court refined this standard further when it held that for depositions not used at trial, the determining factor is whether the deposition reasonably seemed necessary at the time it was taken. <u>Puerto Rico Ports Authority</u>, 193 F.R.D. at 38 (quotations and citations omitted).

Carreras Trucking claims that the depositions of Andrés Paravisini and Alberto González form part of the record and were necessary for the case. Yet, the record shows that none of the abovementioned depositions were included as exhibits to Carreras Trucking's successful motion for partial summary judgment. Carreras Trucking also failed to explain why the depositions seemed necessary for the case at the time they were taken and submit the corresponding documentation in support of its claim. See Taxation of Costs Guidelines. Thus, these expenses are denied without prejudice.

**Fees for Exemplification and Copies.** Carreras Trucking seeks recovery of $637.40 for copies of documents allegedly submitted to the court and notified to the parties. The cost of photocopying documents necessarily obtained for use in a case are taxable under 28 U.S.C. § 1920(4). It is the policy of the Office of the Clerk to allow recovery of copying costs for those documents which are introduced as evidence at trial, or attached as an exhibit to a pleading that has been filed and served upon the opposing party. "Photocopying costs for the convenience, preparation, research, or records of counsel may not be recovered." <u>Davis</u>, 87 F. Supp. 2d at 88, citing <u>Grady v. Bunzl Packaging Supply Co.</u>, 161 F.R.D. 477, 479 (N.D.Ga. 1995). Thus, it is the policy of the Clerk of the Court to disallow expenses for the photocopying of documents for the

Civil No. 96-1969 (JAG)                                                                                                                Page -4-

convenience of a party, or obtained for counsel's own use, absent court authorization. However, "[c]opies may be deemed necessary even if not used in the trial of the matter." Davis, 87 F. Supp. 2d at 88, citing Piester v. IBM Corp., 1998 WL 1267929 at 2 (1st Cir.).

Carreras Trucking failed to identify which documents were copied, and if they were necessarily obtained for use in the case or were simply copied for the convenience of the party. Also, Carreras Trucking failed to submit the corresponding documentation in support of its claim. For the reasons stated herein this cost is disallowed without prejudice.

**Fees for Service of Summons and Subpoena.** Carreras Trucking seeks recovery of $80.00 allegedly paid for service of summons and/or subpoena. Rule 4(c)(2) of the Federal Rules of Civil Procedure allows for the service of process by any person who is not a party and who is at least 18 years of age. It is the policy of the Office of the Clerk that service of process fees are taxable. However, Carreras Trucking has failed to substantiate this expense. Therefore, recovery of the $80.00 allegedly paid by Carreras Trucking for service of process is disallowed without prejudice.

**Other Costs.** Carreras Trucking also claims the reimbursement of $979.40 for telephone/ facsimile charges ($308.00), messenger services ($642.00), and postage ($29.40). Said reimbursement is disallowed in view of the Court's holding that "[m]essenger services, faxes, telephone charges, postage, stamps, parking and Westlaw charges are all out-of-pocket expenses and, therefore, not recoverable." Ramos v. Davis & Geck, Inc., 968 F. Supp. 765, 783 (D.P.R. 1997) citing, Riofrio Anda v. Ralston Purina Co., 772 F. Supp. 46, 54 (D.P.R. 1991), aff'd on other grounds, 959 F. 2d 1149 (1st Cir. 1992) and In re San Juan Dupont Plaza Hotel Fire Litigation, 994 F. 2d 956, 964 (1st Cir.

Civil No. 96-1969 (JAG)                                          Page -5-

1993).

    WHEREFORE, the bill of costs filed by Carreras Trucking is denied in its entirety. Carreras Trucking shall, within ten (10) days from the date of receipt of the taxation of costs, substantiate those claims disallowed without prejudice. Pursuant to Fed. R. Civ. P. 54(d), the Clerk's determination on the taxation of costs may be reviewed by the Court upon motion served within five (5) days thereafter.

    In San Juan, Puerto Rico, this 22nd day of August, 2003.

FRANCES RIOS DE MORAN
CLERK OF COURT

Angel A. Valencia-Aponte, Esq.
Chief Deputy Clerk